**In re A.H. ROBINS COMPANY, INC.,**
**Debtor, Employers Tax Identification**
**No. 54–0486348.**

Barbara A. DIXON, Doreen E. Harkin, Joan S. Jacobs, Joanne B. Quellette, Carol K. Price, and Martha F. Sullivan, Movants,

v.

**DALKON SHIELD CLAIMANTS TRUST, Respondent.**

No. 85–1307–R.

United States District Court, E.D. Virginia, Richmond Division.

Dec. 16, 1993.

Aaron M. Levine, Aaron M. Levine & Associates, Washington, DC, for Barbara A. Dixon, Doreen E. Harkin, Joan S. Jacobs, Joanne B. Quellette, Carol K. Price and Martha F. Sullivan.

Orran Lee Brown, Richmond, Virginia, for Dalkon Shield Claimants Trust.

*MEMORANDUM*

MERHIGE, District Judge.

This matter is before the Court on the motions of six Dalkon Shield Claimants to compel the Dalkon Shield Claimants Trust ("Trust") to schedule their settlement conferences. The same attorney represents all six Claimants and filed these motions simultaneously on June 14, 1993.

All six Claimants rejected the Trust's initial offer and opted for in-depth review and settlement of their claims. All have submitted the necessary forms, and none was scheduled for settlement conference on the date of the motions. All complain that the length of time that they have been waiting is inexcusable.

The Claimants completed all necessary forms and submitted them to the Trust on the following dates:

| Claimant | Forms Submitted | Months to Motion |
|---|---|---|
| Barbara A. Dixon | July 31, 1992 | 10.5 |
| Doreen E. Harkin | October 30, 1992 | 7.5 |
| Joan S. Jacobs | November 24, 1992 | 6.75 |
| Joanne B. Quellette | July 31, 1992 | 10.5 |
| Carol K. Price | July 31, 1992 | 10.5 |
| Martha F. Sullivan | November 23, 1992 | 6.75 |

This Court retained jurisdiction over many aspects of the A.H. Robins reorganization plan implementing the Trust. Debtor's Sixth Amended and Restated Plan of Reorganization § 8.05 (March 28, 1998), *confirmed in In re A.H. Robins Co.*, 88 B.R. 742 (Bankr. E.D.Va.1988), *aff'd*, 880 F.2d 694 (4th Cir.), *cert. denied*, 493 U.S. 959, 110 S.Ct. 376, 107 L.Ed.2d 362 (1989). However, its retained jurisdiction expressly excludes authority to interfere with or monitor the day-to-day claims processing of the Trust. *Id.* ("nothing contained in this Section 8.05 is intended to confer jurisdiction upon the Court over, or grant authority to monitor, the day-to-day operations of the Trusts or the Claims Resolution Facility").

Claimants plead no facts which would remove this scheduling matter from the realm of day-to-day Trust operations. The delays complained of are not egregious, and are to be expected in the processing of tens of thousands of complex claims. Further, the Court has been assured and is satisfied that the procedure being utilized by the Trust as to these claimants is identical to that of all claimants who opt for an in-depth review of their respective claims. Upon inquiry, as a courtesy to counsel, the Court has ascertained that one of the claimants has now selected ADR and another has accepted the Trust's initial offer. The remaining claimants in this cause are scheduled for settlement conference in April, 1994.

The Court finds no basis for granting the exceptional relief requested by the Claimants.